**Ai Ling LI, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–2623–AG NAC.**

United States Court of Appeals,
Second Circuit.

Dec. 27, 2005.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

**82**

Joan Xie, New York, N.Y., for Petitioner.

Patricia M. Connolly, Assistant United States Attorney, for Michael J. Sullivan, United States Attorney for the District of Massachusetts, Boston, Mass, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Ai Ling Li, through counsel, petitions for review of the BIA decision denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the IJ's decision where, as here, the BIA affirms the IJ's decision without opinion. *Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the IJ's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Attorney Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–74 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177–78 (2d Cir.2004); *Diallo v. INS*, 232 F.3d 279, 287 (2d Cir.2000).

The only issue on appeal to this Court is whether Li had a well-founded fear of persecution, and the IJ's finding that Li failed to meet her burden of proof is supported by substantial evidence in the record. The U.S. Department of State Profile of Asylum Claims, which was admitted into evidence, states that couples with children born in the United States, at worst, may face fines upon their return to China. Nothing in the record or background materials clearly indicates that there is a reasonable possibility of persecution against Li if she returns to China. Accordingly, the IJ properly determined that Li did not present sufficient evidence to prove that her fear of persecution was objectively reasonable. Since the IJ properly determined that Li failed to meet her burden of proof for her asylum claim, the IJ also properly denied her withholding of removal claim.

Li also argues to this Court that the IJ erred in not considering her CAT claim, but this argument fails for two reasons. First, at the end of the individual hearing, Li's attorney clearly waived any claim under CAT. Even if the claim was not waived, Li failed to raise the issue before the BIA. This Court can consider claims only if they have been exhausted before the administrative agency. 8 U.S.C. § 1252(d)(1).

The petition for review is, therefore, DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACAT-

ED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).